UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GREGORY ALLEN VALENTINE                                                     PETITIONER

v.                                     CIVIL ACTION NO. 3:11-CV-361-S

UNITED STATES OF AMERICA                                    RESPONDENT

**REPORT AND RECOMMENDATION**

This matter is before the court on Gregory Allen Valentine's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The defendant claims his state conviction violated the Confrontation Clause, the Compulsory Process Clause, and the Due Process Clause under the Sixth and Fourteenth Amendments. The government responds that the petition fails on the merits. The court referred this matter to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). For reasons stated below, the magistrate judge will recommend that the court deny the petition.

**I.**

1)     A jury of the Circuit Court of Jefferson County, Kentucky, convicted the petitioner, in June 2003, of first degree sexual abuse (two counts) and fourth degree assault. The petitioner was acquitted, however, of rape, unlawful imprisonment, and terroristic threatening. The petitioner was sentenced to eight years in prison, a three-year conditional discharge and a ten-year offender registration. In due course, the petitioner exhausted his appellate and post-conviction remedies in state court before seeking federal habeas review.

2)     The petitioner's conviction stems from the sexual assault of his live-in girlfriend during one evening in March 2002. The underlying facts appear in the opinion of the Kentucky

Court of Appeals.[1] For present purposes, the salient facts concern the trial judge's evidentiary ruling *in limine* under the relevance/prejudice balancing test of Rule 403 of the Kentucky Rules of Evidence.

3) At trial, the petitioner testified in his defense that all activity was consensual and part of a dominance/submission episode. The petitioner also testified that on the evening in question, the two argued and that in his anger, he threatened the victim. The trial court did not permit the petitioner to testify, however, to the details of the threat, except to say that he threatened to reveal an "intimate secret" concerning the victim to her parents. The trial court ruled the specifics of the threat, i.e., that the petitioner threatened to reveal the victim's past abortion, were on balance, unduly prejudicial and thus inadmissible. The defense argued the jury should have heard the specific threat as evidence of the victim's motivation to retaliate with false accusations of these crimes. On appeal, the state court concluded the trial court exercised sound discretion in limiting the petitioner's testimony from the specifics of the threat.[2]

## II.

4) In this federal petition, the petitioner argues the state evidentiary ruling violated his federal right to present a full defense.[3] The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), provides relief from a state conviction if the petition satisfies one of the following conditions:

[T]he [state court's] adjudication of the claim –

---

[1] Appendix at 46, attached to Response (Docket No. 8-2).
[2] App. at 52.
[3] The petitioner also argues the trial court erred under state evidentiary rules. However, violations of state law, alone, are not cognizable under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The habeas statute further provides that state court determinations of fact are presumed to be correct. § 2254(e)(1).[4]

5) The respondent argues the state court's ruling is both a correct and reasonable adjudication and is entitled to deference on habeas review. The magistrate judge concludes, however, that the circumstances in this case alter the typical standard of review of habeas petitions. On appeal, the state court did not address or consider the federal claims the petitioner asserts on habeas review, for reasons that are neither clear nor addressed by the respondent.[5] Because there has been no state adjudication of the claimed federal violations, full deference under the AEDPA, § 2254(d)(1), does not apply. Instead, federal review is limited to the consistency with clearly established federal law, which this court reviews *de novo,* and does not consider the reasonableness of any state court application of federal law. *Higgins v. Renico*, 470 F.3d 624, 530 (6th Cir. 2006). Findings of fact remain, however, entitled to deference under the AEDPA. *Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007).

6) The petitioner argues the respondent must show that the exclusion of his testimony was harmless beyond a reasonable doubt because the evidentiary ruling intruded on the fundamental right of confrontation. In support of this argument, the petitioner relies on *Olden v. Kentucky*, 488 U.S. 227 (1988) (confrontation claim). The petitioner also identifies *Crane v.*

---

[4] The petitioner carries the burden of proof under § 2254(d), which is a "highly deferential standard for evaluating state-court rulings," unlike review on direct appeal, and "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, — U.S. —, 131 S.Ct. 1388, 1398 (2011). A federal habeas court may not substitute its evaluation of the state evidentiary record for that of the state trial court unless the state determination is unreasonable. *Rice v. Collins*, 126 S.Ct. 969, 976 (2006) (stating, "Reasonable minds reviewing the record might disagree ... but on habeas review that does not suffice to supersede the trial court's credibility determination.").
[5] The respondent does not argue procedural default or other threshold defense as a basis for denying the petition.

*Kentucky*, 476 U.S. 683 (1986) (complete defense claim), and *Washington v. Texas*, 388 U.S. 14 (1967) (compulsory process claim).

7) After review of this and other case law, the magistrate judge concludes that the federal claims have no merit and that the petitioner fails to show the state court's curtailment of the petitioner's testimony was "contrary to clearly established Federal law," § 2254(d)(1). "The Sixth Amendment right to a complete defense … does not imply a right to offer evidence that is otherwise inadmissible under the standard rules of evidence." *Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010). The Compulsory Process Clause does not grant defendants the unfettered right to offer testimony. *Taylor v. Illinois*, 484 U.S. 400, 410-11 (1988). Sixth Amendment rights are not absolute and are consistent with state, rape shield laws. *Michigan v. Lucas*, 500 U.S. 145, 152-53 (1991); *see also Chambers v. Mississippi,* 410 U.S. 284, 295 (1973) (stating that a defendant's right to confront and cross-examine witnesses may have to bow to accommodate other legitimate interests in the criminal trial process).

8) Recent case law in this judicial circuit also supports the conclusion that the state evidentiary ruling was consistent with the petitioner's federal right to present a complete defense. In *Gagne v. Booker*, 680 F.3d 493 (6th Cir. 2012), two defendants sought habeas relief from convictions of first degree criminal sexual misconduct. In the state trial court, the defendants moved *in limine* to admit testimony that the accuser on prior occasions had engaged, or offered to engage, in group sex.[6] The trial court excluded the evidence under the state rape-shield law. On habeas review, the defendants claimed the exclusion of testimonial evidence violated the state law and also violated their Sixth Amendment right to a fair trial, to confront their accuser, and to present a complete defense. *Id.*, at 497-98. The federal district court granted the writ,

---

[6] One offer specifically was to engage in group sex with the defendant and his father. *Gagne*, 680 F.3d at 515.

4

reasoning the excluded evidence might have altered the jury's impression of the accuser's credibility and might have created reasonable doubt.

9) The Court of Appeals for the Sixth Circuit reversed. The Sixth Circuit held that district court mistakenly conducted plenary review of the facts and law and substituted its own opinion of the value of the withheld evidence. *Id.*, at 510. Particularly salient to the case at hand, the Sixth Circuit held that the district court failed to identify clearly established federal law, a condition for granting the writ under § 2254(d). In reaching this conclusion, the Sixth Circuit thoroughly addressed the very case law cited in this petition, as well as other Supreme Court cases, and rejected the argument that the trial court's relevance determination impinged any federal right to a complete defense. Specifically, the Sixth Circuit stated that because "none of these holdings directly governs the issue," *id.* at 512, n.19, the petitioner failed to show the state court adjudication was contrary to the fact-specific outcomes in any case of the Supreme Court. *Id.*, at 512.

10) The magistrate judge thus concludes there is no showing the state evidentiary ruling violated clearly established federal law, as determined by the Supreme Court, and that the petitioner's federal claims, therefore, fail as a matter of law.

### III. RECOMMENDATION

The magistrate judge recommends that the court deny the petition for failure to satisfy conditions for granting habeas relief under § 2254(d) and (e).

The magistrate judge further recommends that the court deny a certificate of appealability, 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473 (2000), because no reasonable jurist could find debatable the conclusion that the claims in this petition fail on the

5

merits.

       DATE:

Copies to Petitioner, *pro se*,
and Counsel of Record

# **N O T I C E**

       Within fourteen (14) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C). A party may file a response to another party s objections within fourteen (14) days after being served with a copy thereof.