UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


GREGORY ALLEN VALENTINE                                          PETITIONER


v.                                          CIVIL ACTION NO. 3:11CV361-S


UNITED STATES OF AMERICA                                          RESPONDENT


**<u>MEMORANDUM OPINION</u>**


  This matter is before the court for consideration of the objections to the report of the United States Magistrate Judge and the recommendation that the petition of Gregory Allen Valentine for a writ of habeas corpus be denied.  The magistrate judge also recommended that a certificate of appealability be denied.

  A jury of the Circuit Court of Jefferson County, Kentucky, convicted Valentine in June 2003 of two counts of  first degree sexual abuse and one count of fourth degree sexual assault.  He was acquitted of rape, unlawful imprisonment, and terroristic threatening.  Valentine was sentenced to eight years in prison, a three-year conditional discharge, and ten years sex offender registration. Valentine exhausted his state appellate and post-conviction remedies, and now seeks federal habeas review, pursuant to 28 U.S.C. §2254.

  Valentine's petition centers around a limitation placed on the admission of a particular piece of evidence offered at his trial.  He contends that the state court's ruling limiting his ability to present this evidence violated his rights under the Confrontation Clause, the Compulsory Process

Clause, and the Due Process Clause under the Sixth and Fourteenth Amendments to the United States Constitution.[1]

Valentine's conviction stemmed from a sexual encounter with his live-in girlfriend which she claimed was a rape, but which he alleged was consensual sex. In defending against her accusations, Valentine testified that on the evening in question he and his girlfriend had argued, and he had threatened her. The trial court permitted Valentine to testify that he had threatened to reveal an "intimate secret" concerning her past to her parents, but precluded Valentine from revealing that this "intimate secret" was that she had had an abortion. The court found that the nature of the "intimate secret" was unduly prejudicial and thus not admissible. Valentine argued that the jury should have heard the specifics of the threat and should have been permitted to judge whether this evidence supported her alleged motivation to retaliate with false rape accusations. The state appellate court concluded that the trial court properly exercised its discretion in limiting Valentine's testimony.

In addressing Valentine's habeas corpus petition, the magistrate judge found that Valentine had failed to show that the state evidentiary ruling violated clearly established federal law, as determined by the United States Supreme Court, and thus recommended that the court conclude that Valentine's claims fail to satisfy § 2254(d)'s condition for the granting of a writ of habeas corpus. The magistrate judge cited *Estelle v. McGuire*, 502 U.S. 62, 68 (1991), explaining that purported

---

[1]Valentine has also requested appointment of counsel. (DN 17). .There is no entitlement to counsel in collateral appeals. "In determining whether appointment of counsel is required for prisoners seeking habeas relief..., the court should consider the factual and legal complexities of the case, the prisoner's ability to investigate and present claims, the existence of conflicting testimony, and any other relevant factors." *Satter v. Class,* 976 F.Supp. 879, 885 (D.S.D. 1997). He notes his penury and lack of legal training. However, he has filed an articulate petition and fulsome objections to the magistrate judge's report. The issue upon which the decision turns in this matter is a narrow and clear question of law which Valentine appears to grasp. No investigation is necessary. Valentine's motion will be denied.

violations of state law, alone, are not cognizable under §2254. Rather, "in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* The magistrate judge found that Valentine failed to show that the state court's curtailment of his testimony was contrary to clearly established federal law. The magistrate judge noted that (1) the Sixth Amendment right to a complete defense does not imply a right to offer evidence which is otherwise inadmissible; (2) The Compulsory Process Clause does not grant an unfettered right to offer testimony; and (3) A defendant's right to confront and cross-examine witnesses may have to bow to accommodate other legitimate interests in the criminal trial process. *Citing, Wynne v. Renico*, 606 F.3d 867 (6th Cir. 2010), *Taylor v. Illinois*, 484 U.S. 400 (1988), and *Chambers v. Mississippi*, 410 U.S. 284 (1973), respectively.

In *Gagne v. Booker*, 680 F.3d 493 (6th Cir. 2012), the defendants therein claimed, in pertinent part, that the exclusion of certain testimonial evidence violated their Sixth Amendment right to a fair trial, as the excluded evidence might have altered the jury's impression of the accuser's credibility. This is the very argument made by Valentine. He contends that the nature of the evidence was critical to the jury's determination whether his girlfriend had a motive to fabricate the claims against him. The United States Court of Appeals for the Sixth Circuit held in *Gagne* that there had been no showing that the trial court's determination concerning the relevance and admissibility of that evidence impinged any federal right to present a complete defense.

In his objections, Valentine reiterates his argument that the exclusion of testimony concerning details of the "intimate secret" lacked any justification because the evidence had "the potential to profoundly impact the complaining witness' life and relationships..." DN 18, p. 3. He has argued that the jury might have found that such evidence undermined the accuser's credibility,

and thus the evidence was highly probative of motive and should not have been excluded. This court may not second-guess state court evidentiary rulings. Rather, Valentine must show that such ruling violated clearly established federal law, as determined by the Supreme Court. Valentine has failed to make such a showing.

For the reasons set forth herein, Valentine's objections will be overruled and the court will accept and adopt the Report and Recommendation of the magistrate judge that the petition for writ of habeas corpus be denied.

The court further finds that the magistrate judge correctly recommended that a certificate of appealability be denied, as no reasonable jurist could find debatable the conclusion that the claims in the petition fail on the merits. This finding and recommendation will also be accepted and adopted by the court. A separate order will be entered this date in accordance with this opinion.


**IT IS SO ORDERED.**

June 17, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**


cc: Petitioner, pro se
     Counsel of Record